Filed 2/25/25  P. v. Arnold CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DOMINIC MACKENZIE ARNOLD,<br><br>Defendant and Appellant. | C100937<br><br>(Super. Ct. Nos. 23CR00868, 23CR001603 & 23CR002674) |

Defendant Dominic Mackenzie Arnold entered into two separate plea agreements related to three different cases.  He contends the trial court erred in failing to dismiss certain counts in accordance with his plea agreements.  The People concede the issue. The People also point out that the abstract of judgment and minute order dated April 15, 2024, should be corrected to reflect the oral pronouncement of judgment.  We agree on both points.  We will modify the judgment by dismissing the remaining counts.  We further direct the trial court to correct the abstract of judgment and minute order dated

1

April 15, 2024, to reflect the oral pronouncement of judgment. As modified, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

As the underlying facts of the charged crimes have no bearing on the issues presented on appeal, we do not recite them here.

In April 2023, a complaint charged defendant with possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1); count I)[1] (the ammunition case). In July 2023, a complaint charged defendant with felony domestic violence (§ 273.5, subd. (a); count I), misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count II), and misdemeanor child abuse (§ 273a, subd. (b); count III) (the domestic violence case).

In August 2023, defendant entered into a plea agreement to resolve both the ammunition and the domestic violence case. Defendant agreed to plead no contest to the possession of ammunition and domestic violence counts. In exchange, the trial court would place defendant on probation for four years in both cases; order defendant to serve 135 days in jail on each case, to run consecutively; and dismiss all remaining counts. During the oral pronouncement of judgment, the court did not dismiss the two remaining counts in the domestic violence case. However, the minute order and abstract of judgment indicate that the court dismissed both counts from the domestic violence case.

In December 2023, a complaint charged defendant with possession of a fraudulent registration card, license, temporary license, or license plate (Veh. Code, § 4463, subd. (a)(1); count I) and resisting a peace officer (§ 148, subd. (a)(1); count II) (the fraud case). Defendant agreed to plead guilty to possession of a fraudulent registration and admit he violated probation in both the ammunition and the domestic violence cases. In exchange, the trial court would dismiss the remaining counts and defendant's sentence

---

[1]     Undesignated statutory references are to the Penal Code.

would have a maximum of three years eight months. The trial court made no oral pronouncement concerning the dismissal of the remaining count in the fraud case, but the minute order reflects the court dismissed the remaining charge.

In April 2024, the trial court denied probation and sentenced defendant to an aggregate term of three years four months in all three cases. It imposed the lower term of two years for the domestic violence charge, eight months for the possession of ammunition count, and eight months for the fraudulent registration charge. The abstract of judgment and minute order dated April 15, 2024, indicates the court sentenced defendant to the middle term on the domestic violence count.

Defendant filed a timely notice of appeal in all three cases.

## DISCUSSION

### A. *Plea Agreement*

Defendant contends the trial court erred in failing to dismiss the remaining counts in accordance with his plea agreement. We agree.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs.' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) " 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.' " (*Ibid.*)

" 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*People v.*

3

*Panizzon* (1996) 13 Cal.4th 68, 80.)  The requirements of due process attach to the implementation of a plea bargain.  (*People v. Mancheno* (1982) 32 Cal.3d 855, 860.) "Specific enforcement [of the bargain] is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances."  (*Id*. at p. 861.)

Here, the parties expressly agreed that the trial court would dismiss the remaining counts in both plea agreements.  However, when the court made its oral pronouncements of judgment, it did not dismiss the remaining counts in either the domestic violence or fraud case.  Under the circumstances, specific enforcement of the bargain is the appropriate remedy.

The record suggests the trial court's failure to dismiss the remaining counts and in both plea agreements was inadvertent.  The court accepted defendant's no-contest pleas, otherwise sentenced defendant in accordance with the plea agreement, the minute orders indicated the court dismissed the remaining counts, and the abstract of judgment only contains the offenses to which defendant pled.  Thus, the reasonable expectations of the parties and the trial court will be implemented if we modify the judgment.

B. *Abstract of Judgment*

The People argue the abstract of judgment and minute order dated April 15, 2024, should be corrected to reflect the oral pronouncement of judgment.  We agree.  The trial court orally imposed the lower term of two years for the domestic violence count.  The abstract of judgment incorrectly indicates the court sentenced defendant to the middle term.  It is well established that the trial court's oral pronouncement of judgment controls, and an abstract of judgment must not modify the judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Accordingly, we will order the trial court to issue a corrected abstract of judgment.

4

## DISPOSITION

The judgment is modified to reflect that the remaining counts in both plea agreements are dismissed.  As modified, the judgment is affirmed.  The trial court is directed to correct the minute order dated April 15, 2024, to prepare a corrected abstract of judgment, and to forward a certified copy to the Department of Corrections and Rehabilitation to reflect the oral pronouncement of judgment.


_____\s\_____,
Krause, J.


We concur:


_____\s\_____,
Hull, Acting P. J.


_____\s\_____,
Robie, J.